# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRISTEN POLINSKY,

                **Plaintiff,**

    v.                                          Case No. 25-CV-1125

ANN PEACOCK,
SALLY PAUL, and
SCOTT MCANDREW.

                **Defendants.**

# ORDER

Currently pending before the court is the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Polinsky, proceeding *pro se*, filed a complaint against Dane County Circuit Court Judge Ann Peacock, Winnebago County Court Commissioner Sally Paul, and Dane County Court Commissioner Scott McAndrew. (ECF No. 1.)

Having reviewed the plaintiff's request, the court concludes that the plaintiff lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee will be **granted**.

However, because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

To the extent the court can construe Polinsky's argument, he seeks relief against the defendants for their "demonstrated discriminatory actions" which prevented him from having "meaningful" proceedings. (ECF No. 1 at 3-4.) But the

2

Case 1:25-cv-01125-BBC    Filed 08/04/25    Page 2 of 4    Document 4

named defendants are immune from lawsuits seeking monetary damages for actions taken in one's judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

Judge Peacock is entitled to absolute immunity when her challenged actions are judicial in nature. *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (7th Cir. 2020) ("This immunity applies even when the judge's actions are in error, malicious, or in excess of his or her jurisdiction."). This immunity extends to protect Judge Peacock even if Polinsky believes that Judge Peacock was biased against him when she performed those duties. *Griffin v. Milwaukee Cnty. Cir. Ct.*, No. 21-CV-834-PP, 2023 WL 3170212, at *6 (E.D. Wis. Apr. 28, 2023). Because Polinsky makes no allegations that these were nonjudicial actions, judicial immunity applies to Judge Peacock and the court must dismiss her as a defendant.

Court commissioners are also immune from suit for claims that arise out of the performance of their judicial functions. *Griffin v. State of Wisconsin*, No. Case 07-1653, 2007 WL 2913892, at *3 (7th Cir. Oct. 5, 2007) (noting that, like judges, court commissioners in Wisconsin have absolute immunity for claims arising out of their judicial functions); *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999) (holding that quasi-judicial officers who "perform duties functionally comparable to those of a judicial officer" are immune from liability). Wisconsin Statute § 757.68 authorizes appointment of court commissioners, and Wisconsin Supreme Court Rule 75.02 authorizes court commissioners to "perform limited judicial and quasi-judicial

functions under the direction and authority of the chief judge and the judges of the circuit." Circuit court commissioners Sally Paul and Scott McAndrew, performing duties functionally comparable to those of a judicial officer, are duly immune and must also be dismissed as defendants.

For the aforementioned reasons, Polinsky's complaint fails to state a claim for which relief may be granted. The Seventh Circuit has instructed that a district court should give a plaintiff representing himself an opportunity to amend his complaint unless it is "certain that amendment would be futile or otherwise unwarranted." *Zimmerman v. Bornick*, 25 F.4th 491, 493-94 (7th Cir. 2022). Because the court finds that the plaintiff could not allege facts that would state a claim against judicial officers acting within their jurisdiction, it would be futile to allow the plaintiff to amend the complaint.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be **DISMISSED** for failure to state a claim upon which relief can be granted.

Dated at Green Bay, Wisconsin this 4th day of August, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
